IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH NORDBY and DONNA NORDBY,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE dba PREMIERE ASSET SERVICES, BANK OF AMERICA NATIONAL ASSOCIATION, as Trustee for Morgan Stanley Loan Trust 2006-3 AR, NDEX WEST, LLC, PINNACLE REAL ESTATE GROUP OF LAKE TAHOE, INC., a California corporation, RONALD WALKER, an individual, DOES 1 through 50, inclusive, and all other persons unknown claiming any right, title, estate, lien or interest in the real property described herein,<br><br>Defendants. | 2:10-cv-00319<br><br>ORDER *SUA SPONTE* REMANDING PLAINTIFFS' STATE CLAIMS |

Plaintiffs move to remand this case to the El Dorado County Superior Court in California, arguing removal was improper, *inter alia*, because it was based on non-existent federal question jurisdiction. (Mot. 2:22.) The removant Defendant Wells Fargo Bank, N.A. ("Wells Fargo") argues in its Notice of Removal that removal was based on "the Third Cause of Action" in Plaintiffs' "Complaint . . . [which is] based upon alleged violations of 15 U.S.C. §1641(f)(2) and 15 U.S.C. § 1640[,] commonly [known as] the Truth in

1

Lending Act ("TILA")." (Not. of Removal at 2.)  Plaintiffs allege in this claim: "No named Defendant **has ever voluntarily** produced the information required by 15 U.S.C. § 1641(f)(2)," and therefore Defendants are liable under TILA for "statutory damages in the amount of $4,000, attorney fees and costs of suit." (Compl. ¶¶ 24-29)(emphasis added.)  15 U.S.C. § 1641(f)(2) prescribes in pertinent part: A servicer of a consumer [,] . . . **[u]pon written request** by the obligor, . . . shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." (emphasis added.)  It is unclear whether Plaintiffs allege that Wells Fargo is a "servicer" under § 1641(f)(2).  However, even if Wells Fargo is a "servicer" under § 1641(f)(2), this statutory provision does not prescribe that Wells Fargo was obligated to voluntarily provide the referenced information to Plaintiffs as Plaintiffs allege; Wells Fargo was only required to provide the information upon Plaintiffs' written request.  Since Plaintiffs do not allege they made a written request for the information, Plaintiffs have failed to provide "[f]actual allegations . . . enough to raise [their] right to relief [under this TILA provision] above the speculative level . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  Therefore, Plaintiffs' third cause of action is dismissed under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim for which relief may be granted.  See <u>Omar v. Sea-Land Service, Inc.</u>, 813 F.2d 986, 991 (9th Cir.1987)("A trial court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6) . . . . Such dismissal may be made without notice where the claimant cannot possibly win relief.").

Plaintiffs have ten days from the date on which this

order is filed to file an amended complaint, solely for purposes of amending their TILA claim; the state claims will be remanded, as explained below.  If Plaintiffs fail to file an amended compliant within this ten day period, that failure could be construed as Plaintiffs' abandonment of their pled TILA claim, and this claim could then be dismissed with prejudice and this action closed.

The issue of whether supplemental jurisdiction should continue being exercised over Plaintiffs' pendent state claims is examined *sua sponte*.  "[P]endent [or supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  District courts have discretion to *sua sponte* "decid[e] whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in [28 U.S.C.§ 1367(c)] is implicated . . . " Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997)(en banc).  "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values "of economy, convenience, fairness, and comity." Id.

A district court can decline exercising supplemental jurisdiction over a pendent state claim if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(2).  Although a "federal court[] [has] wide latitude to decide ancillary questions of state law[,] [this] does not imply that it must tolerate a litigant's effort to impose upon it what is in effect only a state law case.  Once it appears that a state claim constitutes the real body of a

3

case, to which the federal claim is only an appendage, the state claim may fairly be dismissed." Gibbs, 383 U.S. at 727.

Plaintiffs allege the following state claims: trespass, conversion, set aside trustee's sale, cancel trustee's deed, and quiet title. Plaintiffs allege in their state claims that Defendants illegally broke into their home, had the door locks changed, converted Plaintiffs' home and furnishings, and unlawfully sold Plaintiffs' home at a trustee's sale. Plaintiffs seek to cancel the trustee's deed and to quiet title against all Defendants. Further, Plaintiffs seek unspecified compensatory and punitive damages and a declaration that defendants have no rights, title nor interest in Plaintiffs' real property. Plaintiffs claim entitlement to punitive damages in their trespass and conversion claims based on, *inter alia,* "Defendants' unlawful entry onto plaintiffs' property and interference with plaintiffs' rights of ownership and possession [, and] unlawful[] conver[sion] [of] plaintiffs' property . . . to defendants' own use by asserting dominion and control over property to which they do not hold ownership or possessory rights." (Compl.¶ 19.) In contrast, Plaintiffs' TILA claim simply concerns the allegation that Defendants failed to produce the following information required by 15 U.S.C. §1641(f)(2): "the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation." Plaintiffs also request in this TILA claim $4,000 in statutory damages, attorney fees and costs of suit.

Plaintiffs' state claims substantially predominate over Plaintiffs' TILA claim. It is evident that the state issues are more complex and will take more time to resolve. Where "the state issues substantially predominate, whether in terms of proof, of the scope of

the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 727.

The principle of comity weighs in favor of remanding Plaintiffs' state claims. A federal court should avoid making "needless decisions of state law," and comity is promoted by recognition that state courts have the primary responsibility for developing and applying state law. Gibbs, 383 U.S. at 727. Further, judicial economy will be promoted by remanding Plaintiffs' state claims. This case was just removed on February 5, 2010, and the remand order would issue about two months after removal.

Since Plaintiffs' state claims substantially predominate over their sole federal TILA claim and principles of comity and judicial economy weigh in favor of remanding Plaintiffs' state claims to the state court from which they were removed, Plaintiffs' state claims are remanded to the El Dorado County Superior Court in California.

Dated: April 16, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge